FILED

08/11/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0518

DA 24-0518

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 189N

STATE OF MONTANA,

    Plaintiff and Appellee,

  v.

GARY RICHARD JONES,

    Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 22-483
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Tammy A. Hinderman, Appellate Defender Division Administrator,
Emma N. Sauve, Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, John Ryan, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  July 29, 2026
Decided:  August 11, 2026

Filed:

_____
Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Gary Richard Jones appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, entered after a jury found him guilty of sexual intercourse without consent involving his adopted daughter, K.S. Jones argues that the District Court erroneously admitted K.S.'s out-of-court accusations through a physician and a therapist, that trial counsel rendered ineffective assistance by failing to object to additional hearsay, and that the combined effect of the errors denied him a fair trial. We conclude that the District Court committed harmless error when it admitted the two challenged hearsay statements, that the record does not permit direct review of Jones's ineffective-assistance claim, and that Jones has not established cumulative error. We affirm.

¶3      Jones married K.S.'s mother in December 2019 and adopted K.S. in December 2020. In August 2021, when K.S. was five, she told her maternal grandmother that Jones had put his penis in her mouth. Her grandmother recorded K.S. repeating the disclosure. The parties stipulated to admission of the recording, and the jury viewed it. At trial, then-seven-year-old K.S. testified that Jones had put his penis in her mouth. She testified that the conduct occurred more than once, identified two rooms where it occurred, described Jones covering her with a blanket when her sister approached, and described pain

2

and a "yucky" taste. Defense counsel cross-examined K.S. about the timing, frequency, and circumstances of her account. Jones testified and denied the allegation. The jury found Jones guilty and found that K.S. was twelve years old or younger and Jones was eighteen years or older. The District Court sentenced Jones to 100 years at the Montana State Prison and imposed a 25-year parole restriction.

¶4    Before K.S. testified, physician Cynthia Brewer testified about her evaluation of K.S. The prosecutor asked if K.S. understood why she was there. Defense counsel objected on hearsay grounds. The District Court overruled the objection, and Brewer answered that K.S. said she was there because her father had put his penis in her mouth. Brewer then recounted additional statements describing pain, nausea, physical positioning, and a hand gesture. After K.S. testified, licensed clinical social worker Terrah Hall testified that K.S. had disclosed sexual abuse by Jones. The District Court overruled Jones's hearsay objection. Hall then testified that K.S. had not wavered in the disclosure during more than 60 therapy sessions.

¶5    We review a district court's evidentiary ruling for abuse of discretion and its interpretation of the Montana Rules of Evidence de novo. *State v. Ripple*, 2023 MT 67, ¶ 9, 412 Mont. 36, 527 P.3d 951. M. R. Evid. 801(c) defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted, and M. R. Evid. 802 generally excludes hearsay. The two statements to which Jones specifically objected repeated K.S.'s out-of-court accusation to prove that Jones committed the charged conduct. The prosecutor's use of those statements in closing argument confirms that the State offered

3

them for their truth. *See Ripple*, ¶¶ 17-20. The State identifies no applicable exception. The District Court therefore erred when it overruled Jones's objections.

¶6    The parties dispute whether Jones's objections also preserved the testimony that immediately followed Brewer's and Hall's initial answers. We need not resolve that dispute because we reach the same result even if we assume that Jones preserved his objections to the full passages and that the District Court erred when it admitted them. The State must identify admissible evidence that proves the same facts and show through qualitative comparison that no reasonable possibility exists that the challenged evidence might have contributed to the conviction. Section 46-20-701(1), MCA; *State v. Van Kirk*, 2001 MT 184, ¶¶ 40-47, 306 Mont. 215, 32 P.3d 735; *State v. Sandberg*, 2026 MT 45, ¶¶ 75-77, 426 Mont. 416, 585 P.3d 422. We have found harmless error when the declarants testified at trial and defense counsel could test the out-of-court statements through cross-examination. *State v. Veis*, 1998 MT 162, ¶¶ 26, 28, 289 Mont. 450, 962 P.2d 1153; *Ripple*, ¶¶ 21-22. Those circumstances inform, but do not replace, the qualitative comparison that *Van Kirk* requires.

¶7    K.S. identified Jones under oath and described the charged act. Defense counsel cross-examined her about the timing, frequency, locations, and circumstances of her account. The jury also viewed the stipulated recording in which K.S. made the same core accusation in her own words. Those sources placed identity and the charged act before the jury directly through K.S. and allowed the jury to compare her earlier disclosure with her trial testimony. Brewer and Hall drew their accounts from K.S.; neither possessed firsthand knowledge of the charged conduct nor supplied independent corroboration. Their

4

repetition of the core accusation therefore supplied no new factual source concerning identity or the charged act. *See Veis*, ¶ 28; *State v. Mederos*, 2013 MT 318, ¶¶ 23-25, 372 Mont. 325, 312 P.3d 438. We rely on the stipulated recording only as evidence that the jury received at trial; we express no view on Jones's separate challenge to counsel's stipulation. We also do not rely on the other adult repetitions that Jones challenges through his ineffective-assistance claim.

¶8 Jones correctly emphasizes that Brewer and Hall added more than the core accusation. Brewer recounted physical details, and Hall told the jury that K.S. had not wavered in her account during more than 60 therapy sessions. Their professional roles heightened the bolstering force of their testimony. The prosecutor amplified that force in closing argument by emphasizing K.S.'s consistency, repeated disclosures, and physical details as reasons to credit her account. We consider that use in our qualitative comparison. *See Sandberg*, ¶¶ 75-77.

¶9 The additional details the witnesses provided likewise supplied no independent corroboration. K.S.'s live testimony identified Jones, described the act constituting sexual intercourse, recounted multiple occurrences in two locations, described concealment from her sister, and included pain and a sensory detail. Brewer elaborated on the same event, but she also told the jury that her examination revealed no physical finding of abuse and did not allow her to determine whether abuse occurred. Hall added longitudinal consistency evidence, but she possessed no independent knowledge about whether Jones committed the charged act. Defense counsel cross-examined both witnesses and used their testimony to argue that K.S. followed a script and that the claimed consistency did not

5

withstand scrutiny. After we consider the challenged testimony as the State used it and compare its qualitative force with the evidence the jury received directly from K.S., we conclude that the testimony added professional bolstering but no independent factual source, physical corroboration, or materially different account of the charged act. The State therefore has demonstrated that no reasonable possibility exists that the challenged hearsay might have contributed to the conviction.

¶10     Jones next argues that counsel rendered ineffective assistance by failing to object to additional repetitions of K.S.'s statements by several witnesses and by stipulating to the recording. Before we address an ineffective-assistance claim on direct appeal, we ask why counsel took the challenged action or failed to act. *State v. Mikesell*, 2021 MT 288, ¶ 20, 406 Mont. 205, 498 P.3d 192. Although the record shows defense counsel's challenged acts and omissions, it does not disclose the considerations that informed counsel's decisions about the stipulation or when and how often to object. When the record does not fully explain counsel's reasons, postconviction proceedings provide the appropriate forum. *Mikesell*, ¶¶ 21-22.

¶11     The record shows that counsel built the defense around coaching, contamination, motives to fabricate, and inconsistencies in K.S.'s accounts. Counsel used portions of Brewer's and Hall's testimony in closing to support the defense theory. Those circumstances suggest at least one plausible tactical explanation, but the record does not reveal counsel's actual reasons for the challenged omissions or the stipulation. We will not infer either strategy or a misunderstanding of law from silence. *See Mikesell*, ¶¶ 22-24. Because the record does not answer why counsel acted as he did, we cannot review the

claim on direct appeal. We dismiss the ineffective-assistance claim without prejudice to a timely petition for postconviction relief and express no view on its merits.

¶12 Finally, the cumulative-error doctrine applies only when several errors combine to deny a defendant a fair trial. *State v. Severson*, 2024 MT 76, ¶ 45, 416 Mont. 201, 546 P.3d 765. Jones has established one evidentiary error on direct appeal, and the State has proved that error harmless. We have not adjudicated Jones's ineffective-assistance allegations because the record does not permit review. Because those unresolved allegations do not constitute an established error on direct appeal, Jones has not demonstrated cumulative error.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents questions controlled by settled law or by the clear application of applicable standards of review. Jones's ineffective-assistance claim is dismissed without prejudice. The District Court's judgment is affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

7